## SPENCE vs. DENTON et al.

A bill alleged, in brief, as follows: Complainant and another purchased a lot as tenants in common. It was then worth $200.00, but is now worth $500.00, and $50.00 per annum for rent. The co-tenant died, and his interest in the land was put up at administrator's sale. Complainant would have bought, but one D. represented that he wished to buy the undivided interest, and complainant did not bid. D. and one W. combined together, and succeeded in buying the half interest for $35.00. On the same day, D. went to complainant and represented that if he had complainant's half interest, he could sell the land for $500.00, and complainant accordingly made him a deed. Subsequently an ejectment suit was brought by a stranger against complainant and the administrator of his original co-tenant. D. and W. went to complainant and advised him to employ an attorney to defend the title, which he did, and paid fees therefor. Complainant offered to compromise the ejectment suit by paying $100, and this offer was afterwards accepted. He notified D. and W. by letter, supposing that they would pay one-half of the amount, but received no reply. Subsequently he learned that W. had paid the $100 to the attorney for plaintiff in ejectment, and had taken the title of the plaintiff. D. refuses to relinquish the deed made to him by complainant for the purpose of effecting a sale, and has fraudulently transferred it to W. Collusion and fraud on the part of D. and W. are charged. Fifty dollars is tendered to reimburse them for one-half the money paid to purchase the outstanding title. The prayer was to compel them to make to complainant a title to a half interest in the lot:

Held, that there was equity in the bill, and a demurrer thereto should not have been sustained.

Judgment reversed.

December 19, 1884.

JACKSON, Chief Justice.